## THOMPSON v. LaLANE, et ux.

Circuit Court, Palm Beach County.

May 9, 1955.

M. L. Esarey, West Palm Beach, for plaintiff.

Albert T. Sims, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly tried by the court. Plaintiff, a woman 79 years of age, seeks to set aside two conveyances to the defendant, Robert A. LaLane, her nephew, and who was formerly her adopted son, which conveyances she executed August 28, 1954 and October 19, 1954.

On August 28, 1954, a Saturday morning, she sent word to the defendant advising him that she was ill and that she wanted to make a will to her property. The defendant attended the plaintiff. No one else was present. The defendant knew she was "very, very ill." The defendant went to the office of his counsel, had a will and a deed to the home place of the plaintiff prepared. With counsel and two witnesses, the defendant went to the home of the plaintiff, where the will and the deed were executed. The plaintiff received a copy of the will, but no copy of the deed.

From the testimony, I am satisfied that counsel for the defendant did explain to the plaintiff the general contents and effect of the will and the deed. But the plaintiff, who believed she was dying— and who convinced the defendant to that effect—was unable to read without a magnifying glass, unable to hear any normal conversation, and undoubtedly intensely confused. She did not comprehend that she was signing a deed.

The evidence shows that in October she again executed a conveyance, when so requested by the defendant, because of a misspelling in the first name of the plaintiff. The conveyance was again explained to her. She was unable to grasp the significance of the consequences. In a few days, when she realized what she had signed, she immediately disavowed the execution of the deeds. The defendant declined to convey the property back to her. On the first day of November, 1954, which came only a few days later, he paid the taxes on the property in his name and asserted complete title to the property.

The defendant gave the plaintiff no consideration whatsoever for the conveyance. He states that he told the plaintiff that he would pay the taxes on the property, that he would maintain the yard and any outside repairs, so long as the plaintiff lived. But no corroboration exists as to this agreement on the part of the other witnesses. The plaintiff denies any such agreement.

While the burden is clearly on the plaintiff, I am satisfied from viewing her and listening to the testimony that she wholly failed to appreciate the significance of what she was doing when she executed the deed. Counsel for the defendant certainly intended no fraud and I am sure he acted in good faith. But the plaintiff failed to comprehend what was going on—as she failed to do in court during the hearing.

The equities are with the plaintiff. She has sustained the burden of proof. She never knowingly executed the deeds.

Thereupon, it is ordered that the equities of this cause are with the plaintiff; that the conveyance dated August 28, 1954 and recorded in deed book 1065, page 635, and the conveyance dated October 19, 1954 and recorded in deed book 1068, page 500, public records of Palm Beach County, embracing the property more particularly described as follows—lots 34 and 35 in Southern Boulevard Park, according to the plat of said Southern Boulevard Park on file in the office of the clerk of the circuit court of Palm Beach County, be vacated and set aside and the defendant decreed to have no further interest in the property, except a lien for taxes in the

amount of $11.09, and expenditure on a venetian blind in the amount of $4.55; and that the costs of this cause be taxed against the defendants.